# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Beltran, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No: 18 C 50317 |
| | ) | |
| McHenry Township Bd. of Trs., et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiffs' motion for temporary restraining order and preliminary injunction [7] is denied. The previously filed motion seeking the same relief [4] is denied as moot.

## STATEMENT

  Plaintiffs, Robert Beltran and 29 other voters and electors having residence in the Township of McHenry, have sued the McHenry Township Board of Trustees, the McHenry County Clerk, the McHenry Township Road District, the McHenry Township Highway Commissioner, and the Illinois Board of Elections. Plaintiffs allege violations of their Fourteenth Amendment rights to due process and equal protection, as well as state-law violations, in connection with defendants alleged failure to follow the votes of the electors to obtain a cost study analysis before seeking to abolish the Road District of the Township of McHenry.

  Plaintiffs previously sought leave to file a quo warranto complaint in the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois, alleging the Township of McHenry's willful failure to conduct a cost study analysis in regard to the following ballot question.

> Shall the Road District of the Township of McHenry be abolished with all the rights, powers, duties, assets, property, liabilities, obligations, and responsibilities, being assumed by the Township of McHenry?
>
> \_\_\_\_ yes
>
> \_\_\_\_\_ no

The state court issued a memorandum decision and order concluding that "[p]etitioners have failed to show that they are entitled to quo warranto relief for the Board's conduct . . . in failing to commission a study related to its Road District abolishment." The state court went on to find "that Petitioners and other electors lack the statutory authority to direct the Board to obtain and pay for a study regarding abolishing the Road District." Plaintiffs have appealed this ruling to the Illinois Appellate Court, Second District. Now before this federal district court is plaintiffs' motion for

temporary restraining order ("TRO") and preliminary injunction seeking an order restraining the McHenry County Clerk from including the same question on the ballot.

Defendants contend that under the abstention doctrine outlined in Younger v. Harris, 401 U.S. 37 (1971), this federal court should not interfere with pending state judicial proceedings. In fact:

> [t]he Younger abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate.

Green v. Benden, 281 F.3d 661, 666 (7th Cir. 2002). There is no dispute and this court finds that elements one and two are satisfied. As to the third element, at the hearing on the motion for TRO, the court asked plaintiffs' counsel why the claims plaintiffs are advancing before this court and the injunctive relief they are seeking could not have been brought in and sought from the state court. In response, plaintiffs' counsel spoke in terms of the "limited scope" of the state action, she said that the "gears of justice were not in position to move with elasticity," and that she expected a "more equal examination here." Whether that is so or not, the court is not satisfied that the state court did not offer an adequate opportunity for review of the constitutional claims now being advanced in this court. Therefore, the court finds that the state-court proceedings did constitute an adequate opportunity to raise the due process and equal protection claims plaintiffs seek to advance before this court. See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 932 (7th Cir. 2005) ("State courts have jurisdiction over § 1983 claims."); Garcia v. Vill. of Mount Prospect, 360 F.3d 630, 639 (7th Cir. 2004) ("[T]he states and the federal government share concurrent jurisdiction over . . . § 1983 claims.). "It matters not whether [plaintiffs] actually presented these challenges in state court. When a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy." Green, 281 F.3d at 667 (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987)). The court finds further that it has not been informed of extraordinary circumstances which would make abstention inappropriate. Because the court finds that it is required to abstain based on the doctrine outlined in Younger, it will not reach the merits of plaintiffs' motion for injunctive relief. For these reasons, plaintiffs' motion for temporary restraining order and preliminary injunction is denied.

Date: 10/5/2018  ENTER:

_____
FREDERICK J. KAPALA

District Judge